# WAYNE OIL TANK AND PUMP COMPANY

## vs.

## JACOB M. MIDDLEKAUFF.

*Conditional Vendee—Authority to Resell.*

A letter from the conditional vendor of certain articles to the vendee, instructing him to sell them at a named price, and to remit the amount still due the former thereon, on the strength of which letter another purchased the articles from the vendee, paying him such price, *held* to justify a finding that such vendee was constituted the vendor's agent to resell the articles.

*Decided January 13th, 1922.*

Appeal from the Circuit Court for Washington County (WAGAMAN, J.).

Action by the Wayne Oil Tank and Pump Company against J. M. Middlekauff. From a judgment for defendant, plaintiff appeals. Affirmed.

The cause was submitted on briefs to BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Edward Oswald, Jr.,* and *Robert H. McCauley,* for the appellant.

*O. V. Middlekauff* and *John J. Allen,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This case arises out of a conditional sale under the following circumstances:

The appellant instituted in the Circuit Court for Washington County an action of replevin against J. M. Middlekauff for the recovery of a side walk pump and a 280 gallon oil tank. Appellant, in June, 1919, had sold the goods sought to be recovered to G. B. Miller of Fairplay, Md., in accordance with the terms of a written contract dated June 12, 1919. The condition of the contract was:

"The equipment covered by this contract will be used in the business of the vendee at the address first above given and none of same shall be removed therefrom without the vendor's previous written consent. In case of deferred payments the vendee agrees that title to said property shall remain in vendor until it is paid for in full, which shall include the payment of any note given and the payment of any judgment secured for same.

"The signing and delivering of any note shall not be deemed nor considered a payment or waiver of any term, provision or condition of this contract."

In January Mr. Miller wrote to the appellant the following letter:

"Fairplay, Md.

"Wayne Oil Tank & Pump Co.

"Dear Sirs:

"As I have failed in business will be obliged to write you in reference to pump.

"I have sale for it at $200.00, so kindly advise me what to do. If I must sell it and forward balance due you, or what I must do, as I don't want to get in any trouble about it; that would be the best way for you to get your money. I have a ready sale for it right here in this community, so kindly advise me as soon as possible so if you are satisfied I can make the sale before it is too late.

"Very respectfully yours,

"G. B. Miller."

To which the appellant replied as follows:

"Fort Wayne, Indiana, January 24th, 1920.

"Mr. G. B. Miller,

"Fairplay, Md.

"Dear Sir:

"It seems that the people living in Fairplay desire to use fair play in all their transactions, and we are glad to know that you are desirous of finding out

just what your balance is on your account, stating that you will settle in full upon receipt of this information.

"If you have received an offer of $200.00 for your equipment accept it at once, as by so doing, you will be ahead about $18.40, as you have already paid $20.00 on the balance due us, which was $201.60. We would appreciate your sending your remittance to us at once for the amount of $181.60 less 5 per cent. discount for cash, enabling us to give a clear bill of sale, which will enable you to transfer the equipment to the new owners at once.

"Yours very truly,

"F. E. Mills, Collection Manager,

"PR:VF"                                              By

By the agreed statement of facts filed in the case it appears that Mr. Middlekauff had knowledge that the property in question had been sold under a conditional sales contract, and on that account he refused to conclude any agreement with Mr. Miller for the purchase of the property until such time as Miller should satisfy him, Middlekauff, of his right to make the sale.

At the conclusion of the evidence the plaintiff requested an instruction from the court sustaining its right of action. This prayer was rejected, as was also a prayer offered on behalf of the defendant, Middlekauff, so that the case was heard by the court sitting as a jury without any instructions upon the law of the case to itself. It is from the action of the court in rejecting plaintiff's prayer that this appeal was taken.

This is a case in which the Uniform Conditional Sales Act has no application, for the reason that it does not fall within the terms of that act, and this act was only promulgated by the Commissioners on Uniformity of Legislation in the year 1919. The case therefore falls under the Act of 1916, chapter 355, section 53-B, so far as it falls under any legislative act whatever.

The Act of 1916 does not, however, actually cover a case such as that here presented, for the two-fold reasons, that here there was not only a constructive notice of the character of the sale as between the original vendor and vendee, but actual knowledge as well.

The determination of the case rested merely therefore upon the conclusion to be based upon the appellant's letter of January 24, 1920, whether the appellant company had constituted Miller their sales agent, so far as this particular pump and tank were concerned. This letter, it is claimed, was one of friendly advice merely, and not in any sense the constitution of an agency.

In a case like the present, a question of such a character is one to be left for the determination of the jury or, as this case was tried without the intervention of a jury, to the court sitting as a jury, and therefore is not such a legal ruling that there was any error in the rejection of the prayer submitted by the plaintiff, the pump company.

The appellant has sought to bring this case within the doctrine laid down in *Robinson* v. *Heil,* 128 Md. 645; but the difference between the two cases is manifest upon even the most casual comparison of the facts out of which they arose. This case is clearly one where one or two innocent people must suffer, and therefore falls directly under the doctrine that in such a case that party must suffer whose acts or failure to act have been the direct occasion of the loss, and therefore brings us back to the position that the case was one of a question of fact to be determined by a jury or the court sitting as a jury.

No error is perceived in the ruling of the Circuit Court for Washington County, and the judgment appealed from will therefore be affirmed.

*Judgment affirmed, with costs.*